AS WE DISCUSSED ON THE TELEPHONE, I HAVE REVIEWED YOUR. REQUEST FOR AN ATTORNEY GENERAL OPINION CONCERNING VARIOUS ISSUES RELATING TO INSURANCE AND RETIREMENT BENEFITS FOR COUNTY EMPLOYEES. I AGAIN APOLOGIZE FOR THE DELAY IN OUR RESPONSE. I AM CONFIDENT WE WILL DO BETTER NEXT TIME.
IT DOES APPEAR THAT YOUR QUESTIONS CAN BE ANSWERED VIA AN INFORMAL LETTER, RATHER THAN AN OFFICIAL OPINION. AS I TOLD YOU ON THE TELEPHONE, IT IS GENERALLY TRUE THAT A LETTER RESPONSE CAN BE PROVIDED FAR MORE QUICKLY THAN AN OFFICIAL OPINION RESPONSE, AND, IN MOST INSTANCES, THE REQUESTOR SEEMS TO FIND THAT A LETTER RESPONSE IS SUFFICIENT. IN THIS PARTICULAR CASE, A LETTER RESPONSE APPEARS APPROPRIATE SINCE, WITH RESPECT TO QUESTION ONE, THE LANGUAGE OF THE STATUTE IS CLEAR; WITH RESPECT TO QUESTION TWO, AN ATTORNEY GENERAL OPINION HAS BEEN PREVIOUSLY ISSUED WHICH REMAINS VALID; AND, WITH RESPECT TO QUESTION THREE, IT IS NOT POSSIBLE FOR US TO PROVIDE A CONCRETE RESPONSE.
YOUR FIRST QUESTION ASKS WHETHER TULSA COUNTY, HAVING A COUNTY RETIREMENT PLAN, HAS THE OPTION AVAILABLE TO ITS EMPLOYEES TO ELECT INSURANCE COVERAGE UNDER THE STATE HEALTH AND LIFE INSURANCE PLAN. TITLE 74 O.S. 1315 (1987) PROVIDES:
 "UPON APPLICATION IN WRITING APPROVED BY A MAJORITY ACTION OF THE BOARD OF COUNTY COMMISSIONERS OF ANY COUNTY . . . PARTICIPATING IN THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM, THE BOARD MAY EXTEND THE BENEFITS OF THE STATE EMPLOYEES GROUP HEALTH AND LIFE INSURANCE TO EMPLOYEES WHO ARE EMPLOYED IN POSITIONS REQUIRING ACTUAL PERFORMANCE OF DUTY DURING NOT LESS THAN ONE THOUSAND (1,000) HOURS PER YEAR, AND TO ALL FULL TIME EMPLOYEES OF SUCH COUNTY(.)"
(EMPHASIS ADDED.)
THE LANGUAGE EMPHASIZED ABOVE CLEARLY IMPOSES A CONDITION THAT ONLY MEMBERS OF THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM MAY EXTEND BENEFITS OF THE INSURANCE PROGRAM TO ITS EMPLOYEES. I HAVE DISCUSSED THIS STATUTE WITH LYDIA LEE, GENERAL COUNSEL, OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM AND OKLAHOMA STATE EMPLOYEES GROUP HEALTH AND LIFE INSURANCE PROGRAM, AND SHE TELLS ME THIS HAS ALSO BEEN THE INTERPRETATION OF THOSE ENTITIES SINCE THE STATUTE WAS ENACTED.
WITH RESPECT TO YOUR SECOND QUESTION, WHETHER, IN EFFECT, A COUNTY HAS A DUTY TO SOLICIT BIDS FOR INSURANCE COVERAGE, I ENCLOSE A COPY OF A.G. OPIN. NO. 85-045, WHICH SPECIFICALLY ADDRESSED THIS QUESTION. IN THAT OPINION IT IS HELD THAT A COUNTY IS NOT REQUIRED TO UTILIZE THE COMPETITIVE BIDDING PROCEDURES ESTABLISHED PURSUANT TO OKLAHOMA STATUTES WHEN ACQUIRING INSURANCE COVERAGE FOR THE COUNTY AND/OR ITS EMPLOYEES, SINCE THE ACQUISITION OF INSURANCE IS NOT SUBJECT TO COMPETITIVE BID. SEE A.G. OPIN. NO. 85-045, ENCLOSED, AND A.G. OPIN. NO. 84-201, ENCLOSED, WHICH DISCUSS THIS ISSUE. IT IS TRUE, HOWEVER, AS IS NOTED IN THE DISTRICT ATTORNEY'S OPINION ON THIS ISSUE, ALSO ENCLOSED, THAT THE COUNTY COMMISSIONERS ARE CERTAINLY FREE TO FOLLOW THE PURCHASING ACT IN OBTAINING SUCH CONTRACTS.
QUESTION NO. 3 RELATES TO THE AUTHORITY OF A BOARD OF COUNTY COMMISSIONERS, BY ITS OWN MOTION, TO MAKE A DECISION REGARDING THE PROCEDURES, REGULATIONS, MEMBERSHIP REQUIREMENTS OR OTHER ELEMENTS OF THE COUNTY RETIREMENT PLAN. I WOULD NOTE THAT THE CONTROLLING STATUTE IS 19 O.S. 952 (1981), WHICH PROVIDES, IN PART:
"EVERY COUNTY ESTABLISHING A RETIREMENT FUND AND SYSTEM UNDER THE TERMS OF THIS ACT IS AUTHORIZED AND DIRECTED TO PROVIDE FOR THE CONTROL AND MANAGEMENT OF SUCH SYSTEM BY RESOLUTION WHICH IN ADDITION TO OTHER PROVISIONS SHALL PROVIDE FOR:
 (1) THE QUALIFICATIONS OF THE PERSONS ELIGIBLE FOR RETIREMENT BENEFITS;
(2) THE MINIMUM AGE FOR RETIREMENT OF EMPLOYEES;
 (3) THE LIMITATIONS OF AMOUNTS TO BE PAID TO PERSONS ELIGIBLE FOR RETIREMENT BENEFITS;
(4) A BOARD OF TRUSTEES TO ADMINISTER THE FUND . . .
 (5) THE AMOUNT OF CONTRIBUTIONS TO BE MADE BY THE COUNTY AND THE AMOUNT TO BE MADE BY THE EMPLOYEES; AND
 (6) SUCH RULES AND REGULATIONS AS THE BOARD OF TRUSTEES SHALL DETERMINE NECESSARY FOR THE PROPER REGULATION OF THE RETIREMENT FUND AND SYSTEM."
UNDER THE FOREGOING STATUTE, IT APPEARS THAT THE BOARD OF COUNTY COMMISSIONERS HAS SOME AUTHORITY TO DETERMINE THE QUALIFICATIONS" OF PERSONS ELIGIBLE FOR RETIREMENT BENEFITS. IT IS DIFFICULT TO SAY, WITHOUT MORE SPECIFIC INFORMATION, WHETHER A PARTICULAR RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS RELATES TO QUALIFICATIONS OF MEMBERS, OR IS MORE BROAD THAN THAT. THE BOARD OF TRUSTEES OF THE COUNTY RETIREMENT SYSTEM IS CHARGED WITH THE DUTY OF ADMINISTERING THE FUND, AND IS AUTHORIZED TO ENACT RULES AND REGULATIONS FOR THE PROPER "REGULATION" OF THE FUND. AGAIN, IT IS DIFFICULT TO TELL, WITHOUT MORE SPECIFIC INFORMATION, WHETHER A PARTICULAR ACTION OF THAT BOARD IS BEST DENOMINATED IN FURTHERANCE OF THE "ADMINISTRATION" OR "REGULATIONS" OF THE FUND. IT WOULD BE, IN THE FIRST INSTANCE, THE RESPONSIBILITY OF THE DISTRICT ATTORNEY TO ADVISE THE COUNTY COMMISSIONERS IN THIS REGARD, AND TO MAKE A FACTUAL DETERMINATION OF WHETHER EITHER BOARD HAS THEY HAVE OVERSTEPPED ITS AUTHORITY.
ALTHOUGH I RECOGNIZE THAT THE EXPLANATION THAT THIS IS A FACTUAL DETERMINATION IS LESS THAN SATISFACTORY, IT WOULD BE IMPOSSIBLE TO JUDGE THE APPLICATION OF 19 O.S. 952 TO A PARTICULAR RESOLUTION WITHOUT HAVING SEEN THE RESOLUTION. IN ADDITION, REGARDLESS OF WHETHER THE ATTORNEY GENERAL DETERMINED A PARTICULAR RESOLUTION WAS PROPER, THE RESOLUTION WOULD STAND AND UNTIL SUCH TIME AS A COURT SET IT ASIDE OR THE COUNTY COMMISSIONERS TOOK ACTION TO WITHDRAW OR AMEND IT. FOR THESE REASONS IT DOES NOT APPEAR LIKELY THAT AN OFFICIAL ATTORNEY GENERAL OPINION WOULD BE OF MUCH ASSISTANCE. AS WE DISCUSSED ON THE TELEPHONE, TO SOME EXTENT SITUATIONS SUCH AS THESE ARE EXTREMELY DIFFICULT TO DEAL WITH SINCE THE ELECTED OFFICIALS IN QUESTION ARE, ABSENT CRIMINAL ALLEGATIONS, FOR THE MOST PART ANSWERABLE ONLY TO THE PEOPLE WHO ELECT THEM.
ON ANOTHER NOTE, AS YOU REQUESTED ON THE TELEPHONE, I HAVE REVIEWED A.G. OPIN. NO. 88-011, WHICH WAS WRITTEN TO YOU IN RESPONSE TO YOUR QUESTION REGARDING THE EXPENDITURE OF MONIES OF THE TEACHERS' RETIREMENT SYSTEM TO PAY INSURANCE PREMIUMS FOR EDUCATION EMPLOYEES. AT THE TIME I INDICATED I WOULD REVIEW THIS OPINION FOR YOU, IT WAS MY UNDERSTANDING THAT IT WAS SIMPLY AN INFORMAL RESPONSE. HOWEVER, I NOW NOTE THAT WE DID ISSUE AN OFFICIAL OPINION TO YOU, THUS YOU MAY BE ASSURED THIS OPINION HAS HAD THE SCRUTINY OF SIX TO EIGHT OF OUR BEST ATTORNEYS, AS WELL AS THE ATTORNEY GENERAL.
AS I UNDERSTAND IT, YOUR CONCERN IS THAT THERE MAY BE A STATUTE WHICH SPECIFICALLY GOVERNS THE BOARD OF TRUSTEES WHAT MAY AND MAY NOT INVEST IN, IN MANAGING RETIREMENT SYSTEM MONIES. HOWEVER, THE STATUTE ENACTED IN 1987, WHICH AUTHORIZES THE SYSTEM TO EXPEND MONIES FOR THE PAYMENT OF INSURANCE PREMIUMS FOR EDUCATION EMPLOYEES, SIMPLY PROVIDES ADDITIONAL AUTHORITY TO THE TRUSTEES TO EXPEND SYSTEM MONIES IN A PARTICULAR MANNER, REGARDLESS OF WHETHER OTHER STATUTES EXIST WHICH DIRECT THE SYSTEM TO EXPEND MONIES IN OTHER WAYS. IN OTHER WORDS, ONCE ENACTED THE GENERAL STATUTES GOVERNING EXPENDITURES BY THE SYSTEM AND THIS SPECIFIC STATUTE AUTHORIZING EXPENDITURE BY THE SYSTEM ARE OF EQUAL DIGNITY AND, IN FACT, THE STATUTE AUTHORIZING PREMIUM PAYMENTS IS MANDATORY. THAT BEING SO, THE ONLY REMAINING ISSUE IS WHETHER IT IS CONSTITUTIONAL AND, AS THE OPINION HOLDS, IT IS, UNLESS THE EXPENDITURE OF THESE FUNDS AFFECTS THE VESTED RIGHTS OF MEMBERS TO BENEFITS UNDER THE SYSTEM.
AGAIN, I APOLOGIZE FOR OUR DELAY IN RESPONDING TO YOUR OPINION REQUEST. I WOULD BE VERY HAPPY TO DISCUSS ANY OF THE FOREGOING WITH YOU AT ANY TIME; PLEASE FEEL FREE TO CONTACT ME.
(SUSAN BRIMER LOVING)